IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **RAMIRO GARZA,** | ) | **1:06-cv-01524 OWW WMW HC** |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| vs. | ) | **AND ORDER RE DISMISSAL** |
| | ) | **OF PETITION FOR WRIT OF** |
| **HABEAS CORPUS,** | ) | **HABEAS CORPUS** |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4, Rules Governing Section 2254 Cases, this court has conducted a preliminary review of this case. The court finds that it plainly appears from the petition that Petitioner is not entitled to relief in this court. Accordingly, this petition will be dismissed.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody

pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on October 20, 2006, after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court

2

may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Petitioner filed his original petition in this case on October 30, 2006. In that petition, Petitioner states his grounds for relief as follows:

1)    fist fight at program
will I'm late do to the fact that I was not called for appeal at Law Library

2)    Late Due to that I was not called to Law Library
also had attempt murder I got at court 1 year program 5 year probation
13 year LIO got LIO time for fist fight at program

3)    got LIO for a fist fight at program sent to by court
got in a fist fight at program.

The court finds that nowhere in his original petition does Petitioner make any claim that could be construed as a claim that he is being held in custody in violation of the Constitution or laws or treaties of the United States, as required under 28 U.S.C. § 2254(a). Accordingly, this original petition does not establish a basis for this court to consider this

3

petition for writ of habeas corpus.

This case proceeds on the amended petition filed February 7, 2007.  In that petition, Petitioner presents the following grounds:

1) late never called to Law Library
I need an Appeal Done
got into fight with a person at program sent by court   I fear for my life when a person hit me   Self defense fight I broke probation got LIO time for fight I got 13 years that to much time for a fist fight
I need another program
I need another program
get into another program

Again, the court finds that Petitioner makes no claim that he is being held in custody in violation of the Constitution or laws or treaties of the United States, as required under 28 U.S.C. § 2254(a).  Accordingly, this court lacks jurisdiction to consider this petition for writ of habeas corpus.

The court notes that under the "administrative review" section of his petition, Petitioner states, " I need my Appeal Done.  Fist fight to much time for a fist fight."  Further, on the final page of his petition, Petitioner asks the court to mail him the paperwork for a "full appeal."

There is no indication in the amended petition that Petitioner has presented his claim regarding being given "too much time for a fist fight" to any other administrative or judicial entity.  Petitioner is hereby informed that a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal

court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

The State of California requires the exhaustion of administrative remedies prior to the filing of a petition for writ of habeas corpus in the state court. See, In re Muszalski, 52 Cal.App.3d 500 (1975). The appeals procedure of the Department of Corrections provides administrative remedies which must normally be exhausted before habeas corpus relief is sought from the superior court. Id. at 508.

Based on the foregoing, IT IS HEREBY ORDERED that this petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file a petition based on a properly exhausted claim that he is being held in custody in violation of the Constitution or laws or treaties of the United States. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

**Dated:   February 9, 2007**                     **/s/ Oliver W. Wanger**
emm0d6                                             UNITED STATES DISTRICT JUDGE